IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:16-CR-536-L |
| ALFREDO NAVARRO HINOJOSA ET AL | |

GOVERNMENT'S MOTION FOR A EVIDENTIARY
HEARING PURSUANT TO FEDERAL RULE OF EVIDENCE 104

The government files this motion seeking an evidentiary hearing pursuant to Federal Rule of Evidence 104(a) to resolve evidentiary matters related to audio recordings and transcripts. The government requests this hearing now, as opposed to days before the new trial date, so as to resolve issues efficiently and allow the Court and the parties more time to prepare appropriately. In support, the government states the following:

FACTUAL BACKGROUND

Four defendants are currently set for trial in the above-referenced cause. The government expects to introduce approximately twenty audio recordings of individuals discussing the overall scheme and charged offenses.

The government intends to introduce certain transcripts (both translations from Spanish to English and audio transcriptions of English conversations) of these recordings.[1]

In the run-up to the prior trial setting, the defense identified potential issues with a few transcripts that the government sought to utilize. The defense has further stated that

---

[1] The defense will likely seek to introduce certain recordings and transcripts as well.

**Government's Motion For a Preliminary Hearing Pursuant to Federal Rule of Evidence 104(a) - Page 1**

they will further review transcripts that the government has already identified and determine whether they have any objections to the accuracy of those transcripts.

The government has informed the defendants that the government has identified a witness who was present for each of the recordings and who has reviewed the transcripts for accuracy and will be prepared to testify as to that fact. The defense has stated that they do not believe that this resolves the issue.

## RELEVANT LAW

Pursuant to Federal Rule of Evidence 104(a), "the Court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible," and may do so without being otherwise bound by the Federal Rules of Evidence. These preliminary factual questions must be established by a preponderance of the evidence. *Bourjaily v. United States,* 483 U.S. 171, 175 (1987). As opposed to the reasonable doubt standard, the preponderance standard "ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration." *Id.*

When a recording is introduced to the jury, it is the recording itself that is the evidence; transcripts created by the parties are simply aids for the jury, should the Court wish to provide them with such transcripts. *See United States v. Onori*, 535 F.2d 938, 947 (5th Cir. 1976) (whether a jury should be presented with transcripts is a matter left to the discretion of the trial court and may be admitted for a limited purpose, such as to aid the

**Government's Motion For a Preliminary Hearing Pursuant to Federal Rule of Evidence 104(a) - Page 2**

jury in understanding the recording by identifying speakers).  Because transcripts given to the jury are evidence admitted for a limited purpose, "a determination of the transcript's accuracy is typically a jury function rather than a judicial one constituting a precondition to admission." *United States v. Stone,* 960 F.2d 426, 436 (5th Cir. 1992).  However, the Court must still determine the threshold issue of whether the transcripts are admissible.

If admitted, the Fifth Circuit has established guidelines for the use of transcripts at trial, outlining a "preferred procedure," under which the parties agree and stipulate to a transcript to be given to the jury.  *Stone*, 960 F.2d at 436.  If the parties cannot agree on an accurate transcript, then either a single transcript containing each parties' version of the disputed portions of the recording or two transcripts (one from each party) may be submitted to the jury.  *See id.* at 436-37.  The trial court should allow the parties an opportunity "to present additional evidence supporting the accuracy of its version" of the transcript.  *Onori*, 535 F.2d at 949.  The jury would then exercise its traditional fact-finding role and determine which version of the disputed transcripts is correct.  *See id.* at 948.

## ARGUMENT

The government requests a Rule 104 hearing to address the admissibility and presentation of the recordings transcripts.  Following the scheduling of such a hearing, the government would identify the recordings and transcripts it intends to rely upon at this time.  That number will be relatively small (approximately 20 recordings and 20 attendant transcripts).  The defense would be free to identify its own recordings and transcripts, although at this point, the defense has not created any transcripts of its own.

The defense would then review those transcripts and identify which transcripts it sought to challenge. At the hearing, the government would call witnesses to verify the accuracy of such recordings. The defense would be free to call witnesses to rebut that accuracy or suggest an alternative transcript. The Court would then rule on which transcripts were admissible.

Such a hearing would also help the parties resolve other potential issues. For example, at this point, it is equally unclear whether the defense seeks to attack the Spanish translation of any transcript, since the basis for the defendant's motion to continue is a dispute regarding transcripts of an English recording. In a situation where "a defendant challenges the government's translation of a foreign-language conversation for the jury, but fails to offer his own translation, the district court is under no obligation to [rule] on the transcript's accuracy." *Stone,* 960 F.2d at 437 (citing *United States v. Armendariz-Mata*, 949 F.2d 151, 156 (5th Cir. 1991) and *United States v. Llinas,* 603 F.2d 506, 509-10 (5th Cir. 1979)). If the defense intends to attack any of the government's translations or intends to offer their own transcripts, the Court can expedite resolution of these issues prior to trial.

As it is the basis for the most recent motion to continue, the discussion of the transcripts discussed above and how they must be addressed is of particular importance in this trial and whether additional continuances will be sought. The government therefore requests a fulsome preliminary hearing, pursuant to Rule 104, to evaluate the admissibility of the transcripts and how they may be presented to the jury.

**Government's Motion For a Preliminary Hearing Pursuant to Federal Rule of Evidence 104(a) - Page 4**

Respectfully submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

/s/ *P.J. Meitl*
P.J. MEITL
Assistant United States Attorney
D.C. Bar No. 502391
Virginia Bar No. 73215
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8680
Facsimile: 214.659.8809
Email: philip.meitl@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that, on July 29, 2019, I filed the foregoing document with the Court's electronic filing system, which served a copy on all counsel of record.

/s/ *P.J. Meitl*
P.J. MEITL
Assistant United States Attorney