IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| v. § | |
| § | Criminal Action No. **3:16-CR-536-L** |
| **ALFREDO NAVARRO HINOJOSA (9)** § | |
| § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Alfredo Navarro Hinojosa's ("Defendant" or "Hinojosa") Notice of Related Case and Motion to Transfer Case (the "Motion") (Doc. 522), filed October 15, 2019. After careful consideration of the Motion, response, and applicable local rule, the court **denies** Defendant's Motion to Transfer Case (Doc. 522).

**I.     Procedural Background**

Defendant seeks to transfer Case No. 3:19-cr-312, *United States v. Hinojosa* (the "*Hinojosa*" case), pending before Judge Karen Scholer, to this court. Defendant asserts that the *Hinojosa* case is related to Case No. 3:16-cr-536, *United States v. Lara* (the "*Lara*" case), pending before this court. Hinojosa is also a defendant in the *Lara* case, which has been pending before the court since October 25, 2016. In the *Hinojosa* case, Defendant is charged with two counts in the Superseding Indictment: (1) Harboring of an Illegal Alien; and (2) Conspiracy to Harbor an Illegal Alien. Trial in the *Hinojosa* case is scheduled in Judge Scholer's court for December 6, 2019. There is no pending motion to continue on file in that case. In the *Lara* case, Defendant is charged with four counts in the Superseding Indictment: (1) Managing a Drug Premises; (2) Conspiracy to Manage Drug Premises; (3) Conspiracy to Structure Transactions to Evade Reporting Requirements; and (4) Conspiracy to Possess with Intent to Distribute a Controlled Substance. Trial in the *Lara* case is scheduled in this court for March 23, 2020.

Order – Page 1

On October 15, 2019, Defendant filed this Notice of Related Case and Motion to Transfer Case (Doc. 522), pursuant to Local Criminal Rule 57.3(b), essentially seeking approval from the court to accept the transfer of the *Hinojosa* case. The proper protocol in seeking a transfer is for Defendant to file his Motion in the court where the *Hinojosa* case is pending, but he did not do so. Nonetheless, the court must decide whether it is willing to accept the case prior to a transfer, and, accordingly, despite Defendant's request, the court will address why it denies his request to transfer.

## II.  Discussion

In support of his Motion, Defendant asserts the following: (1) the relevant facts in both cases are "very closely related," and, accordingly, this court is most familiar with the facts; and (2) his counsel "has been forced to expend significant time and resources defending against the newer allegations in the *Hinojosa* case in addition to preparing for the *Lara* case." Defendant further contends that this motion is made for purposes of judicial efficiency and not for purposes of delay. He also asserts that "justice requires the *Lara* case to be decided prior to the *Hinojosa* case[,] as it has been pending for much longer than the *Hinojosa* case." Defendant provides no case authority or argument supporting this proposition.

According to Defendant, the Government concedes that the facts of both cases are closely related, as demonstrated by their arguments in the detention hearing for Defendant related to the *Hinojosa* case. Additionally, Defendant contends that the Government has already provided notice of its intent to offer 404(b) evidence of his harboring charge during the *Lara* trial. He further contends that the Government filed the *Hinojosa* case as an attempt to "stymie [his] efforts to contest the charges contained in the *Lara* case because if he were to be found guilty in the *Hinojosa* case, then ostensibly he might not continue to contest the charges in the *Lara* case. Or, at the very

least, his defense in the *Lara* case would be severely hampered." Def.'s Mot. 8. Again, Defendant merely provides a conclusory statement without any case authority or argument in support.

In response, the Government contends that Defendant's assertions are without merit. While the Government acknowledges that the "cases are related by a common defendant and certain overlapping conduct," it also contends that Judge Scholer can oversee the discrete matter in the *Hinojosa* case, as it relates to allegations of harboring an illegal alien. Additionally, the Government asserts that Defendant's conclusory allegations that (1) the transfer will conserve judicial resources; and (2) justice requires the *Lara* case to be decided before the *Hinojosa* case are without merit. The Government is not opposed to the court hearing the *Hinojosa* case, but it objects to a transfer to the extent that Defendant's Motion lacks merit and would cause a delay of the trial in the *Hinojosa* case.

"The trial court has broad discretion in determining whether a transfer is warranted." *United States v. Osum*, 943 F.2d 1394, 1399 (5th Cir. 1991). The court, however, may not deny a defendant's motion for intra-district transfer if the defendant "makes a strong showing that the action would be prejudicial." *Id.* (citations omitted). Here, the court concludes that Defendant would not be legally prejudiced by the court's denial of his Motion. Additionally, the court agrees with the Government's position and determines there is no reasonable basis that warrants a transfer of Case No. 3:19-cr-312.

While both the *Hinojosa* and *Lara* cases involve some of the same underlying facts, Defendant provides no rationale as to why Judge Scholer is unable to address this overlap in the narrow context of addressing a harboring an illegal alien allegation. Additionally, the court can reasonably infer that the overlap in facts is beneficial to Defendant and his attorney's preparation in the *Hinojosa* case, thus negating any assertion that his counsel has not been able to expend

adequate resources to the case. The court further determines that Defendant's assertion that "justice requires the *Lara* case to be decided prior to the *Hinojosa* case" is without merit. Moreover, his allegation that the Government somehow has insight into the impact a possible harboring and conspiracy conviction will have on the *Lara* case is unconvincing. If Defendant is concerned about the timing of the trial setting and the ability of his counsel to adequately prepare for the December 2019 *Hinojosa* trial, he may seek a continuance of the *Hinojosa* case in Judge Scholer's court.

### III. Conclusion

Accordingly, the court **concludes** that, despite Defendant's assertions, he will not be prejudiced if the *Hinojosa* case is not transferred to this court. The court further **concludes** that Defendant has not presented an adequate basis for the court to accept the transfer of the *Hinojosa* case, and, accordingly, **denies** Defendant's Motion to Transfer (Doc. 522).

**It is so ordered** on this 24th day of October, 2019.

*[Signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge