IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | Criminal Action No. **3:16-CR-536-L** |
| | § | |
| ALFREDO NAVARRO HINOJOSA (9); | § | |
| MIGUEL CASAS (10); and MARTIN | § | |
| SALVADOR RODRIGUEZ (11) | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Martin Salvador Rodriguez's ("Defendant Rodriguez") Response to the Government's Proposal Regarding *Bruton* Issues (Doc. 405), filed April 24, 2019; Defendant Alfredo Navarro Hinojosa's ("Defendant Hinojosa") Response to Government's Proposal Regarding *Bruton* Issues (Doc. 408), filed April 29, 2019; Defendant Miguel Casas's ("Defendant Casas") Response to Government's Proposal Regarding *Bruton* Issues (Doc. 410), filed May 3, 2019; and the Government's Amended Proposal Regarding *Bruton* Issues ("Amended Proposal") (Doc. 440), filed June 26, 2019.[1]

After careful consideration of the Amended Proposal, responses, evidence, and the applicable law, the court **overrules** the objections presented in the responses of Defendants Rodriguez, Hinojosa, and Casas. The court also **denies** Defendant Hinojosa's request for a severance.

---

[1] The Government filed its first Proposal Regarding *Bruton* Issues ("Original Proposal") (Doc. 387) on February 25, 2019. Pursuant to the court's order of April 11, 2019, Defendants Rodriguez, Hinojosa, and Casas filed responses to the Government's Original Proposal. *See* Docs. 405, 408, & 410. On June 26, 2019, the Government filed its Amended Proposal removing statements made by Defendant Humberto Novoa, who pled guilty after the Original Proposal was filed, and to address the objections lodged by Defendants Rodriguez, Hinojosa, and Casas. The Amended Proposal maintains the original numbering for clarity. These Defendants did not file a response to the Government's Amended Proposal; however, the court will address any objections to the Original Proposal in consideration of the Amended Proposal, as the subject matter is the same.

The Government's Amended Proposal highlights for the court statements made by codefendants in their statements that it intends to introduce at trial. These statements, as the Government acknowledged, may violate a codefendant's Sixth Amendment Right to confrontation and the guidance provided by the Supreme Court in *Bruton v. United States*, 391 U.S. 123 (1968). Accordingly, the Government identifies statements that violate *Bruton* and are incapable of being cured by redaction, as well as statements that are potentially admissible with the proposed redactions, if any. The Defendants filed their objections, and the court will address them later in this opinion.

## I.     Legal Standard

To determine whether the identified statements, even with the proposed redactions, violate a defendant's Sixth Amendment right of confrontation, the court considers the guidance provided in *Bruton v. United States*, 391 U.S. 123 (1968). *Bruton* is "properly understood to be a Confrontation Clause case." *United States v. Surtain*, 519 F. App'x 266, 287 n.5 (5th Cir. 2013). In *Bruton,* two defendants—Evans and Bruton—were tried jointly for robbery. 391 U.S. at 124. Evans did not testify; however, the government introduced into evidence his confession, in which he admitted he and Bruton together had committed the robbery. *Id.* The trial judge gave the jury a limiting instruction to consider the confession as evidence only against Evans, not against Bruton. *Id.* at 125.

The Supreme Court held that, despite the limiting instruction, the introduction of the out-of-court statement at trial violated Bruton's constitutional right to cross-examine witnesses against him. *See id.* at 137. Thus, under *Bruton*, "[a] defendant's Sixth Amendment right to confrontation is violated when (1) several co-defendants are tried jointly, (2) one defendant's extrajudicial statement is used to implicate another defendant in the crime, and (3) the confessor does not take

the stand and is thus not subject to cross-examination." *United States v. Restrepo,* 994 F.2d 173, 186 (5th Cir. 1993) (citing *Bruton*, 391 U.S. at 127).

*Bruton*, however, only applies to statements made by a non-testifying codefendant that are facially incriminating to the complaining coconspirator. *Richardson v. Marsh*, 481 U.S. 200, 208-09 (1987). Stated differently, *Bruton* only applies to statements that directly implicate a codefendant, such that redaction and a limiting instruction cannot cure the prejudicial effect of admitting the confession. *Id.* In contrast, the admission of a statement that is not incriminating on its face but becomes so when linked with evidence later produced at trial does not violate *Bruton*. *Id.* Additionally, any potential *Bruton* violations concerning statements that are not facially incriminating may be resolved with a proper limiting instruction and by redacting from the confession any direct references to non-testifying codefendants or their existence. *Id.* at 211.

Moreover, *Bruton* does not protect statements if "[t]he statement is offered against an opposing party and [] was made by the party's coconspirator during and in furtherance of the conspiracy," as these statements are not hearsay. Fed. R. of Evid. 801(d)(2)(E); *see also United States v. Delgado*, 401 F.3d 290, 298 (5th Cir. 2005). To be admissible, however, the Government must prove by a preponderance of the evidence "(1) the existence of a conspiracy, (2) the statement was made by a co-conspirator of the party, (3) the statement was made during the course of the conspiracy, and (4) the statement was made in furtherance of the conspiracy." *Delgado*, 401 F.3d at 298 (citing *United States v. Robinson*, 367 F.3d 278, 291 (5th Cir. 2004) (citation omitted)).

II. **Defendant's Responses to Government's Proposal Regarding *Bruton* Issues**

    A. **Defendant Rodriguez's Response to Government's Proposal**

Defendant Rodriguez contends that the Government's proposed redacted statements cannot cure the *Bruton* violations and, therefore, objects to the admission of the statements. He then cites

three cases in support of this position but does not provide any legal explanation, other than the mere listing of case citations, to demonstrate why these redactions in conjunction with a well-drafted jury instruction cannot cure any alleged *Bruton* violations. Thus, the court determines that Defendant Rodriguez has failed to demonstrate how the admission of the Government's redacted statements violates his Sixth Amendment right to confrontation. Moreover, upon review of the Government's proposed statements, Defendant Rodriguez is not directly implicated in any of the statements and, thus, the court determines that the proposed statements are not facially incriminating. The court, therefore, **denies** Defendant Rodriguez's blanket objection to the Government's proposed statements.

### B. Defendant Hinojosa's Response to Government's Proposal

#### 1. Statement 39

Defendant Hinojosa asserts that while he is "generally satisfied" with the Government's proposed statements and redactions, he does have three specific objections to the Government's Original Proposal. First, he notes that in Statement 39, the Government failed to excise the reference to "management." In the Amended Proposal, the Government revised this statement and changed "management" to "bouncers." Doc. 440 at 33. As the objection has been adequately addressed and no further objection was made, the court determines that Defendant Hinojosa's objection to Statement 39 is **moot.**

#### 2. Statement 13

Defendant Hinojosa contends that Statement 13, which was made by Defendant Humberto Novoa ("Defendant Novoa") and proposed in the Government's Original Proposal, violates *Bruton*, as the only relevance would be to show that he had knowledge of the illegal activity in his

nightclubs.  Additionally, he asserts that if Defendant Novoa does not testify, he cannot cross-examine him regarding the extent of his alleged knowledge.

In its Amended Proposal, the Government removed Statements 1-13, in light of Codefendant Novoa's guilty plea.  The court, therefore, determines that Defendant Hinojosa's objection to the former Statement 13 is **moot.**

       3.     *Statements 44 and 45 (Added to Government's Amended Proposal)*

In response to the Government's Original Proposal, Defendant Hinojosa highlighted two additional statements made by Defendant Casas during an April 12, 2017 interview that he asserts are subject to *Bruton*:

> (1) Hinojosa is very involved with how his nightclubs are operated and knows what is happening inside all of them. *See* April 12, 2017, Interview of Miguel Casas at p.4.
>
> (2) [Casas – known as "CD"] stated Hinojosa, Rodriguez, and CD have discussed that they there is an investigation related to illegal drug activity[,] and they are wondering when the investigation will come to an end. CD said they think there is an investigation because of the following issues: code violations; law enforcement being removed as nightclub security; individuals that have mentioned the nightclubs are "cartel clubs"; and individuals that had previously been arrested in the bathrooms for selling illegal drugs. *See* April 12, 2017, Interview of Miguel Casas at p. 5.

Hinojosa Resp. 2.  Defendant Hinojosa contends that these statements should be excised in their entirety because (1) they suggest that he had alleged knowledge of the illegal activity; and (2) he cannot cross examine Defendant Casas regarding the context of this conversation if he does not testify.

In response, the Government added the two statements, described as Statements 44 and 45, to its Amended Proposal without any redactions and stated as follows:

> On April 12, 2017, Miguel Casas was interviewed by FBI Task Force Officer Paul Lapiano and FBI Agent Ashley Davidson at the FBI's offices. Casas was not in custody but had not yet retained counsel. He agreed to speak with the task force

officer and agent voluntarily. The interview was not video[ed] or audio recorded, but agents took notes and summarized the interview in an FBI 302. The FBI 302 is attached as Exhibit 7. The government anticipates that either Agent Davidson[2] will testify to these statements by Casas[.]

Gov't Am. Proposal 36-37. The court determines that these statements do not present any *Bruton* violations, as these statements are not facially incriminating. While the court acknowledges Defendant Hinojosa's concern regarding the possible inferences a jury may make from these statements, this reason alone is insufficient to exclude these statements when they do not directly implicate him in any criminal activity without first considering other evidence that may be introduced at trial. *See United States v. Nanda*, 867 F.3d 522, 527 (5th Cir. 2017); *see also Richardson*, 481 U.S. at 207-08. Thus, for a jury to conclude that Defendant Hinojosa had knowledge of illegal activity at his nightclubs, it must first consider additional evidence beyond Defendant Casas's statements to determine whether illegal activity was occurring at the nightclubs in the first place. Accordingly, any incriminating effect of these statements only becomes incriminating when linked with evidence that may be later introduced at trial, and such effect is beyond the narrow scope of *Bruton*. *See id.* Thus, these statements are admissible as proposed.

Moreover, given that agents will potentially testify to the contents of Defendant Casas's statements, Statements 44 and 45 are beyond the bounds of *Bruton* because they are statements that were made by a coconspirator during and in furtherance of the conspiracy, and, assuming the Government lays the proper predicate, the statements would be admissible on this basis as well. The court, therefore, determines that Statements 44 and 45 as proposed by the Government do not violate Defendant Hinojosa's Sixth Amendment right to confrontation, and, thus, Defendant Hinojosa's objections to them are **overruled.**

---

[2] It is unclear whether the Government intended to state, "either Agent Davidson or Agent Lapiano," or whether the "either" should be deleted. Either way, the court's analysis is unaffected by this oversight.

###### 4. Request to Exclude All Statements

In addition to his specific objections, Defendant Hinojosa contends that all of the proposed statements should be excluded because the numerous statements made by four different defendants "tips the balance sought by the Supreme Court in *Richardson* and stretches *Bruton* to its breaking point." Hinojosa's Resp. 3. The court disagrees.

Defendant Hinojosa relies on an out-of-district, nonprecedential case, *United States v. Lujan*, 529 F. Supp. 2d 1315 (D.N.M. 2007), to support his argument that requiring the jury to wade through the process of understanding which statements apply to which defendant would be an impossible task for the jury to undertake. Even if the court considers the *Lujan* case, it determines that the case is distinguishable from the issues before this court. In *Lujan*, the court determined that attempting to consistently redact the 150 statements at issue to eliminate *Bruton* concerns would not protect the defendant's right to confrontation, even with a limiting instruction. 529 F. Supp. 2d at 1325. Thus, it determined that severance of the two codefendants was more appropriate. *Id.*

Here, the Government originally sought to introduce 43 statements; however, the Amended Proposal seeks to introduce 32 statements. Aside from conclusory statements and speculation, Defendant Hinojosa provides no reason as to why the jury cannot ascertain, with a well-crafted jury instruction, which statements are applicable to which defendants when 32 statements are substantially fewer than 150. Thus, the court **overrules** Defendant Hinojosa's objection on this basis.

### 5. *Alternative Motion to Sever*

In the alternative, Defendant Hinojosa also requests to be severed from this action and relies on the same arguments presented with his request to exclude all statements identified by the Government.

Joinder of defendants is proper when they are alleged to have participated in the same act or transaction or in the same series of acts of transactions. Fed. R. Crim. P. 8(b). A court may order separate trials of defendants if their joinder "appears to prejudice a defendant." Fed. R. Crim. P. 14(a). When considering whether severance is appropriate, a district court should balance any prejudice to the defendant against the interests of judicial economy. *United States v. Ballis*, 28 F.3d 1399, 1408 (5th Cir. 1994). Judicial economy generally calls for trying coconspirators together, and "the mere presence of a spillover effect does not ordinarily warrant severance." *United States v. Pasada-Rios*, 158 F.3d 832, 863 (5th Cir. 1998) (quotations omitted). "That separate trials might have afforded the defendant a better chance of acquittal does not justify a severance." *Id.* (citation and internal quotation marks omitted).

The court determines that Defendant Hinojosa has not met his burden of establishing that he will be unfairly prejudiced. The court also concludes that, if necessary, a limiting instruction to the jury to consider each Defendants' alleged guilt separately without imputing guilt of one Defendant to another will be sufficient to cure any risk of prejudice to Defendant Hinojosa. *See Zafiro v. United States*, 506 U.S. 534, 539 (1993) (concluding that "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice"). Further, judicial economy will be served if the remaining codefendants are tried jointly because their alleged conduct is connected by a common set of facts. The court, therefore, **denies** Defendant Hinojosa's alternative request to be severed from this action.

### C. Defendant Casas's Response to Government's Proposal

In response to the Government's Original Proposal, Defendant Casas objected to the use of the word "manager" in Statement 24 because he asserts that the identity of the manager is readily identifiable given the context of the statement. He further contends that the inclusion of the word "manager" may have been an oversight given that the term "management" was removed in Statement 40. In the Government's Amended Proposal, however, it did not remove the word "manager" in Statement 24 and, instead, asserted that "[a] substantial portion has been removed and all direct references to codefendants have been deleted." Gov't Am. Proposal 17. It further stated that "[t]here are other managers and promoters at the clubs." *Id.*

In reviewing the proposed language in Statement 24, the court determines that the use of the word "manager" does not directly implicate Defendant Casas in any criminal activity. As the Government notes, there are multiple managers that Defendant Hinojosa may be addressing. Further, in the original text of the transcript of Defendant Hinojosa's July 10, 2017 interview,[3] Defendant Hinojosa names three individuals who could be the manager and stated, "[I]t could be one of the managers." *Id*. Notably, this language has been revised to read, "It could be the manager," which again, given the context, does not directly implicate Defendant Casas. *See Nanda*, 867 F.3d at 527-28 (upholding district court's admission of a codefendant letter that made a reference to an operation that could have referred to a number of employees rather than one codefendant).

Although Defendant Casas refers to the removal of "management" in Statement 40, the court determines that the context of Defendant Casas's interview and his role as one of the nightclub managers made his reference to management more incriminating to Defendant Hinojosa

---

[3] Defendant Hinojosa filed a motion to suppress his July 10, 2017 interview with the Government, which the court denied in its February 25, 2020 Memorandum Opinion and Order.

than Defendant Hinojosa's reference to the "manager," especially given the likely hierarchy of the club employees. Thus, the inclusion of "manager" in Statement 24 does not violate Defendant Casas's Sixth Amendment right to confrontation and, accordingly, the court **overrules** his objection.

## III. Conclusion

For the reasons herein stated, the court **overrules** the objections presented in Defendant Martin Salvador Rodriguez's Response to the Government's Proposal Regarding *Bruton* Issues (Doc. 405); Defendant Alfredo Navarro Hinojosa's Response to Government's Proposal Regarding *Bruton* Issues (Doc. 408); and Defendant Casas's Response to Government's Proposal Regarding *Bruton* Issues (Doc. 410). The court also **denies** Defendant Hinojosa's request for a severance. *See* Doc. 408.

**It is so ordered** on this 26th day of February, 2020.

Sam A. Lindsay
United States District Judge