```
1          IN THE UNITED STATES DISTRICT COURT FOR THE

2                   NORTHERN DISTRICT OF TEXAS
                        DALLAS DIVISION
3
   UNITED STATES OF AMERICA,      )
4                                 )
                                  )
5                  Plaintiff,     )
   vs.                            )Case No. 3:16-CR-536-L
6                                 )
   ALFREDO NAVARRO HINOJOSA,      )
7  et al,                         )
                   Defendant.     )
8       _____

9           REPORTER'S TRANSCRIPT OF PROCEEDINGS

10          HAD ON FRIDAY, NOVEMBER 5, 2021

11                JURY TRIAL-VOLUME 18

12          BEFORE THE HONORABLE SAM A. LINDSAY,
               U.S. DISTRICT JUDGE PRESIDING
13
                A   P   P   E   A   R   A   N   C   E   S
14
   MR. P.J. MEITL
15 MS. NICOLE DANA
   MS. MELANIE SMITH
16 US Attorney's Office
   1100 Commerce, 3rd Floor
17 Dallas, TX 75242
   (214)659-8682
18 philip.meitl@usdoj.gov, nicole.dana@usdoj.gov,
   melanie.smith@usdoj.gov
19
   COUNSEL FOR THE GOVERNMENT
20
   MR. CHRISTOPHER W. LEWIS
21 MR. LUKAS Z.S. GARCIA
   Chris Lewis & Associates, PC
22 1717 Main Street, Suite 4625
   Dallas, TX 75201
23 (214)665-6930
   chris@lewisdefense.com, lgarcia@lewisdefense.com
24

25 COUNSEL FOR THE DEFENDANT ALFREDO NAVARRO HINOJOSA
```

```
 1  APPEARANCES CONTINUED -

 2  MR. RAUL A. CANEZ
    Law Office of Raul A. Canez
 3  P. O. Box 1966
    Fort Worth, TX 76101
 4  817-886-0651
    raul.canez@canezlaw.com
 5
    COUNSEL FOR DEFENDANT CESAR MENDEZ
 6

 7  MR. CHRISTOPHER MONROE KNOX
    Law Office of Chris Knox
 8  900 Jackson Street, Suite 650
    Dallas, TX 75202
 9  (214)741-7474
    chrisknox@knoxcriminaldefense.com
10
    COUNSEL FOR DEFENDANT MIGUEL CASAS
11

12  MR. MICHAEL P. GIBSON
    MR. CARL D. MEDDERS
13  Burleson Pate & Gibson LLP
    900 Jackson Street, Suite 330
14  Dallas, TX 75202
    (214)871-4900
15  mgibson@bp-g.com, dmedders@bp-g.com

16

17

18

19

20

21

22

23

24

25
```



1                    I    N    D    E    X

2                                        VOLUME   PAGE

3   JURY VERDICT                          XVIII     4

4   REPORTER'S CERTIFICATE                XVIII    37

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1      (THE FOLLOWING PROCEEDINGS WERE HAD IN OPEN COURT,

2  WITH ALL PARTIES AND COUNSEL PRESENT, AND OUTSIDE THE

3  PRESENCE AND HEARING OF THE JURY.)

4          THE COURT:  All right, be seated, please.

5          THE INTERPRETER: The interpreter has been

6  advised that he can't hear her.  May she have a moment?

7          THE COURT: You may.

8          (PAUSE IN PROCEEDINGS.)

9          THE COURT: The Court is sorry for the delay.

10  There should be someone up here momentarily, so we can

11  get started.

12          THE INTERPRETER: Your Honor, may the interpreter

13  approach?

14          THE COURT: You may.

15          THE INTERPRETER: Thank you, Judge.

16          THE COURT: Are yes ready to proceed?

17          THE INTERPRETER:  Yes, Your Honor.  Thank you.

18      (THE FOLLOWING PROCEEDINGS WERE HAD IN OPEN COURT,

19  WITH ALL PARTIES AND COUNSEL PRESENT, AND WITHIN THE

20  PRESENCE AND HEARING OF THE JURY.)

21          THE COURT: The Court has the decision of the

22  jury on all of the counts.  On some of the counts, the

23  jury stated that it was unable to reach an agreement, and

24  others there were findings of guilt, and the Court will

25  state that now.

1    Members of the jury, after I read the decision

2 of the jury, I will poll the jury.  When I call your

3 name, please stand, I will ask you whether this is your

4 verdict or your decision.

5    Okay, verdict of the jury, we, members of the jury

6 find Defendant Alfredo Navarro Hinojosa with respect to

7 Count 1, Count 2, Count 3, Count 4, Count 5, Count 6,

8 Count 7, Count 8, Count 10, Count 11, Count 13, Count 14,

9 Count 15, Count 16, Count 17, Count 18 that we are unable

10 to reach an agreement as to those counts.

11    With respect to Count 19 of the jury -- with respect

12 to Count 19 of the indictment, the jury finds Defendant

13 Hinojosa guilty.  With respect to Count 20 of the

14 indictment, the jury finds the Defendant Hinojosa guilty.

15 With respect to Count 21 of the indictment, the jury is

16 unable to reach a verdict as to that count.  With respect

17 to Count 25 of the indictment, the jury finds Defendant

18 Hinojosa guilty.

19    With respect to Count 25, the question is if you

20 answered guilty, what do you find by proof beyond a

21 reasonable doubt was the amount of the mixture or

22 substance containing a detectable amount of cocaine, you

23 are to please check one of the blanks below.  The jury

24 checked the first blank which is five kilograms or more.

25    With respect to Defendant Miguel Casas, regarding

1  Counts 1, 2, 3, 4, 5, 6, 7, 8, 10, 14, 15, 16, 17, and 18
2  of the indictment, the jury was unable to reach an
3  agreement.  With respect to 19 of the indictment, the
4  jury finds Mr. Casas guilty of that count.  The jury
5  finds him guilty of Count 20 of the indictment, and the
6  jury finds him guilty of Count 25.  The question was
7  asked with respect to Count 25 of the indictment, the
8  jury answered the question that the amount of the mixture
9  or substance containing a detectable amount of cocaine
10 was five kilograms or more.

11     With respect to Defendant Martin Salvador Rodriguez
12 concerning Counts, 1, 2, 3, 4, 5, 6, 7, 8, 10, 14, 15,
13 16, 17, and 18 of the indictment, the jury was unable to
14 reach an agreement as to those counts.

15     With respect to Count 19 of the indictment, the jury
16 found Mr. Rodriguez guilty of that count.  The jury also
17 found him guilty of Count 20 of the indictment, and also
18 found him guilty of Count 25 of the indictment.

19     With respect to Count 25, the jury found that the
20 mixture or substance containing a detectable amount of
21 cocaine was five kilograms or more.

22     All right, you may be seated.  With respect to
23 Defendant Cesar Mendez, the jury found him guilty of
24 Count 25 of the indictment.  With respect to that count,
25 the jury answered the question concerning the mixture or

1  substance containing a detectable amount of cocaine was

2  five kilograms or more.  The jury found Mr. Mendez guilty

3  of Count 31 and Count 32 of the indictment.

4       All right, you may be seated, Mr. Canez and

5  Mr. Mendez.

6       All right, Ms. Hatcher, is this your verdict or

7  decision?

8            JUROR HATCHER: Yes, Your Honor.

9            THE COURT: Thank you.

10      You may be seated.

11    Mr. Blackard, is this your verdict or decision?

12           JUROR BLACKARD: Yes, Your Honor.

13           THE COURT: Thank you.

14    Ms. Irvin, is this your verdict or decision?

15           JUROR IRVIN: Yes, Your Honor.

16           THE COURT: Thank you.

17    Mr. Evetts, is this your verdict or decision?

18           JUROR EVETTS: Yes, Your Honor.

19           THE COURT: Thank you.

20    Mr. Edwards, is this your verdict or decision?

21           JUROR EDWARDS: Yes, Your Honor.

22           THE COURT: Thank you.

23    Mr. Romero, is this your verdict or decision?

24           JUROR ROMERO: Thank you.

25    Mr. Bascombe, is this your verdict or decision?

1          JUROR BASCOMBE: Yes, Your Honor.

2          THE COURT: Thank you.

3     Ms. Harris, is this your verdict or decision?

4          JUROR HARRIS: Yes, Your Honor.

5          THE COURT: Thank you.

6     Mr. Gonzalez, is this your verdict or decision?

7          JUROR GONZALEZ: Yes, Your Honor.

8          THE COURT: Mr. Tobola, is this your verdict or

9  decision?

10         JUROR TOBOLA: Yes, Your Honor.

11         THE COURT: And Mr. McClure, is this your verdict

12  or decision?

13         JUROR McCLURE: Could you clarify for

14  Mr. Mendoza(sic), Count 25, if the box.

15         THE COURT: You said Count 25 as to Mr. Mendez?

16     What was your question?

17         JUROR McCLURE: Could clarify the box had been

18  checked for that?

19         THE COURT: Five kilograms or more.

20         JUROR McCLURE: I believe that is in correct.

21         THE COURT: That's box that is checked.  That is

22  the box that is checked on the form that the Court has.

23         JUROR McCLURE: That's not what we voted on.

24         THE COURT: All right, I want clarification

25  because on the verdict form that I have on all four

1  Defendants, that is the blank that is checked, so I will

2  ask Mr. Evetts.  You are the presiding juror; is that

3  correct?

4          JUROR EVETTS: Yes, Your Honor.

5          UNIDENTIFIED JUROR: In regards to that issue, I

6  actually believe you proofread yesterday, so we all

7  looked at it before turning it in and saw that it was in

8  agreement with everybody.

9          UNIDENTIFIED JUROR: that's not what we put.

10 Juror.

11         UNIDENTIFIED JUROR: You proofread it.

12         THE COURT: Let me ask this question, Mr. Tobola,

13 you say that the jury did not vote or check the first

14 box?  Five kilograms or more?  I am asking you, you are

15 the one who is raising the issue I am trying to get it

16 straight.

17         JUROR McCLURE: We did not check that box.  We

18 did our votes we checked the middle box.

19         THE COURT: All right, I am going to have to

20 start back.  There seems to be controversy about that

21 box.  Ms. Hatcher, which box do you recall the jury

22 agreed on?

23         JUROR HATCHER: Five kilograms or more.

24         THE COURT: Mr. Blackard?

25         JUROR BLACKARD: Five kilograms or more.

```
 1            THE COURT: Ms. Irvin?

 2            JUROR IRVIN: Five kilograms or more.

 3            THE COURT: Mr. Evetts?

 4            JUROR EVETTS: Five kilograms or more.

 5            THE COURT: Mr. Edwards?

 6            JUROR EDWARDS: Five kilograms or more.

 7            THE COURT: Mr. Romero?

 8            JUROR ROMERO: Five kilograms or more.

 9            THE COURT: Mr. Romero -- I am sorry.

10   Mr. Bascombe?

11            JUROR BASCOMBE: Five kilograms or more.

12            THE COURT: Ms. Harris?

13            JUROR HARRIS: Five kilograms or more.

14            THE COURT: Mr. Gonzalez.

15            JUROR GONZALEZ: Five kilograms or more.

16            THE COURT: For those of you who said this was

17   your answer, is that as to all four Defendants?

18            JURORS: (In unison) Yes, sir.

19            THE COURT:  Well, I am going to come back to you

20   Mr. Tobola.  Let me see what else happens.  All right,

21   Mr. McClure, -- all right, just one minute.  I need to

22   clarify something.  I thought a while ago when I said

23   Mr. Tobola, you stood up for Mr. McClure.

24            JUROR TOBOLA: I thought you got my name wrong

25   because I was the next one.
```

1    THE COURT: When I said Mr. Tobola, you stood up.

2  Let me back up a minute.  Mr. Tobala, where are you, sir?

3    JUROR TOBOLA: Right here.

4    THE COURT: Is this your verdict or decision,

5  sir, that the Court read out?

6    JUROR TOBOLA: It is correct, definitely over

7  five kilograms.

8    THE COURT: All right, thank you. Thank you, sir.

9    Now, you come to you, Mr. McClure.  So far what I

10  heard from the individuals I have called on they said

11  five kilograms or more, is that your understanding or are

12  you saying that is mistaken or did misunderstand.

13    JUROR McCLURE: That is mistaken or changed.  I

14  mean I have my notes to show otherwise.

15    THE COURT: Take off your mask so I can hear you.

16    JUROR McCLURE: That was changed.  I don't know

17  why or how, but that was changed.  That was not the vote

18  we discussed, and that was not the vote we came to, and I

19  made notes of the votes on my verdict sheet when it

20  happened, and that is not the case.  I don't know how

21  this happened, and I don't know why people are saying

22  otherwise now.  It is not the case.

23    THE COURT: Mr. Tobola.

24    JUROR TOBOLA: Your Honor, this has been

25  recurring for the five days that this juror has been

1  changing his mind and has been toxic in some of the

2  discussions.  We try to be diplomatic.  He says we have

3  been bullying him, slamming the door, walking out.  I

4  have never been on a case like this, and this is just

5  another example, and we all agreed.  We all walked out,

6  and he changed his mind last minute.  I don't know what

7  else to say.  I have never seen anything like this.  I

8  apologize to the Court.  I think everybody has been

9  frustrated for the last five days.  I don't know.

10         THE COURT: Thank you, Mr. Tobola.  I see another

11  juror's hand.

12         UNIDENTIFIED JUROR: I think that we have decided

13  on a different quantity on a different count, and I was

14  wondering --

15         THE COURT: A different quantity on what?

16         UNIDENTIFIED JUROR: A different quantity on a

17  different count.

18         THE COURT: This is the only count that asked

19  about a quantity.  Count 25 is the only poll concerning

20  what was the amount of the mixture or substance.

21         UNIDENTIFIED JUROR: I am wondering if that may

22  be the source of the confusion.

23         THE COURT: Address your comments to the Court

24  and please remove your mask and stand so we can

25  understand what is going on.  The Court is going to have

1   to resolve this matter.

2          MR. MEITL:  Your Honor, could we approach?

3          THE COURT: You may.

4      (THE FOLLOWING PROCEEDINGS WERE HAD AT THE BENCH,

5   WITH ALL COUNSEL PRESENT, AND OUT OF THE HEARING OF THE

6   JURY.)

7          THE COURT: Mr. Meitl?

8          MR. MEITL: Yes, Your Honor.  I want to make sure

9   we don't cause an appellate issue.  I know that is the

10  Court's concern.  My understanding is Mr. McClure says

11  there is an issue with the weight that goes to Mr. Mendez

12  only, only Mr. Mendez.  From what I understood

13  Mr. McClure said he agreed that Mr. Mendez was

14  responsible for the

15  5 to 40 offense.  The other eleven jurors, it was ten to

16  life.  If that is the only source of disagreement, I

17  don't think that is an issue that needs too much -- I

18  want to honor the jury's verdict.

19      I don't anticipate Mr. Mendez getting more than 40

20  years.  I don't want to cause a huge appellate issue and

21  throw this back into a mess if the 5 to 40 is a lesser

22  included of 10 to life, and Mr. McClure is agreeing it is

23  5 to 40, let's take that and move forward.

24          THE COURT: I think the better way to handle

25  this, are you saying -- I didn't hear the first part of

1    what you said.  Are you saying that Mr. McClure is saying

2    that it was only that way as to Mr. Mendez?

3                MR. MEITL: That's what I heard.

4                THE COURT: Let's get that clarification.

5                MR. MEITL: Yes, Your Honor.  If that is it, I

6    want to cabin and not create other appellate issues and

7    deal with that issue.

8                THE COURT: Let's see what the rest of the jurors

9    say.

10                MR. MEITL: Yes, Your Honor, the other jurors

11    started standing up, and Mr. Tobola started saying what

12    happened in the room.  I want to leave that out of the

13    record.

14                THE COURT: I do too.

15                MR. MEITL: I think the only issue is with

16    Mr. Mendez and the weight.  And if that is it, I honestly

17    think the parties, Mr. Canez and myself and the Court can

18    come to an agreement that will resolve this.

19                THE COURT: Okay, I need to ask that question

20    then now, so we can move on.  I don't know what

21    Mr. McClure's issue is, but he stood up when I called on

22    Mr. Tobola and that caused confusion, and that is why I

23    asked for clarification.  If it only pertains to

24    Mr. Mendez, I do think it is an issue that is between

25    Mr. Canez and the government.

```
1            MR. MEITL: Yes, Your Honor.

2            THE COURT: I am just talking about your client.

3            MR. CANEZ: Yes, Your Honor.

4            THE COURT: Let me get clarification.  If that is

5   the case, I will be honest with you, Mr. Meitl, I have no

6   idea what Mr. McClure is going to say.

7            MR. MEITL: I understand.

8            THE COURT: Frankly speaking, based on what I

9   have heard and all of you here, I do not know what he is

10  going to say.  It could be explosive.  It could be

11  contradictory because what I am trying to do is narrow.

12           MR. MEITL:  The reason I think it is that is

13  that your verdict he said -- he misstated the last

14  Defendant's  name as "Mendoza."  I think he meant Mendez.

15  If that is the only issue Mr. McClure has, let's leave it

16  at that.  Let's not let the other jurors talk about what

17  happened in the room.  That is a problem.

18           MR. KNOX: The only concern I have is this.

19           THE COURT: Let me ask this.  Is this concerning

20  your client?

21           MR. KNOX: I believe so, Judge.

22           THE COURT: I don't believe so.  For the sake of

23  argument, we are talking about Mr. Mendez, and when asked

24  for clarification, if he says it only pertains to

25  Mr. Mendez that Mr. Meitl correctly stated he said
```

1  "Mendoza," and I corrected him, and he acknowledged that.

2  If it only pertains to Mr. Mendez --

3         MR. KNOX: I understand the Court's position, but

4  the only thing I was going to say, Judge, there is

5  another juror who says that he thought there was

6  quantities related to more than one count.  That is not

7  accurate, and I think that is something that needs to be

8  explored if they have reached a verdict on something they

9  didn't understand the charge.  I think that is an issue.

10         THE COURT: I really think you may be muddying

11  the waters.  I heard what he said.  I think we understand

12  the issue, and let's not make it more complicated than it

13  is.  Once again, I will tell the parties it depends on

14  how Mr. McClure answers this question, but he did

15  misstate Mr. Mendez's name first.  He called him Mendoza,

16  and I think maybe what that other individual said, the

17  other juror said is what he perhaps was trying to

18  articulate when he talked about other counts, he may have

19  been talking about as to Mr. Mendez.  That is what I want

20  to get clarified.

21      (THE FOLLOWING PROCEEDINGS WERE HAD IN OPEN COURT,

22  WITH ALL PARTIES AND COUNSEL PRESENT, AND WITHIN THE

23  PRESENCE AND HEARING OF THE JURY.)

24         THE COURT: Mr. McClure, the Court is going to

25  ask you a question.  When I first started talking to you,

1  you referred to the Defendant as Mr. Mendoza, and we

2  corrected that.  It is Mr. Mendez.  Am I correct, I want

3  to make certain that I am, that your issue with the

4  amount of the mixture or substance only pertains to the

5  count against Mr. Mendez?

6          JUROR McCLURE: Correct.

7          THE COURT: All right.  Stay with me.  I am going

8  somewhere.  So you do not have any objection or concern

9  as to any of the other three Defendants concerning Count

10 25; is that correct?

11         JUROR McCLURE: Correct.

12         THE COURT: All right, if that is the issue --

13 okay, if that is the issue, the Court can resolve that

14 from a legal standpoint.  Just so it is clear on the

15 record, there is no issue with respect to Count 25 as to

16 the other three Defendants; is that correct?

17         JUROR McCLURE: That's correct.

18         THE COURT: You are in agreement that it was five

19 kilograms or more with respect to the other three

20 Defendants?

21         JUROR McCLURE: Correct.

22         THE COURT: All right.

23         MR. MEITL: Your Honor, would it be appropriate

24 to ask whether he checked the middle box, not the over

25 five kilograms.  I think that is what he said.  I want to

1   make sure that is clear for the record.  I know it is not

2   on the verdict form.  I believe that is what Mr. McClure

3   said.

4          THE COURT: Is that correct, Mr. McClure?

5          PROSPECTIVE JUROR: It was like 1.5, the middle

6   option.

7          MR. MEITL: Can I read it, Your Honor?

8          THE COURT: Yes, the middle option says at least

9   500 kilograms, but less than 5 kilograms.

10         JUROR McCLURE: That is correct.

11         THE COURT: That is the one you checked with

12  respect that you are saying the one that applies to

13  Mr. Mendez; is that correct?

14         JUROR McCLURE: That is correct.

15         THE COURT: All right, thank you.

16      All right, let's move forward Ms. Shanks, is this

17  your verdict or decision?

18         JUROR SHANKS: Yes, Your Honor.

19         THE COURT: Thank you.

20       Ms. Felix, is this your verdict or decision?

21         MR. MEITL: She was an alternate.

22         THE COURT: Did I miss anyone?  All right,

23  Ms. Shanks, let me ask you a question.  I want to make

24  sure the correct -- that I heard your answer correctly.

25  With respect to the verdict as the Court read it, is that

1  your verdict or decision?

2          JUROR SHANKS: Yes, Your Honor.

3          THE COURT: All right, thank you.

4      All right, Mr. Travis, you may take the jury out.

5          THE COURT SECURITY OFFICER: All rise.

6      (THE JURY WAS EXCUSED FROM THE COURTROOM, AND THE

7  FOLLOWING PROCEEDINGS WERE HAD IN OPEN COURT AND OUT OF

8  THE PRESENCE AND HEARING OF THE JURY.)

9          THE COURT: All right, is there anything else?

10         MR. MEITL: That's a loaded question, Your Honor.

11         THE COURT: That's why I asked it like that.

12         MR. MEITL: Yes, Your Honor, if I can, I am going

13 to expound upon what happened for the record's sake.  I

14 think it was very clear the verdict of the jury as to

15 Mr. Hinojosa, Mr. Casas, and Mr. Rodriguez.  There was no

16 disagreement by the jury as to the counts as they were

17 read.  These Defendants were convicted of a 10-to-life

18 offense as well as other offenses.

19     As to Mr. Mendez, he was convicted of all of the

20 offenses for which he was charged.  The only issue was

21 Mr. McClure (will redact to Juror Number) stood up and

22 stated he only agreed to the lesser included drug weight

23 amount as to the overall conspiracy.  The other 11 jurors

24 stated the entire jury had agreed to the higher amount

25 which would make it a ten to life.

1    Mr. McClure (redact to Juror Number) disagreed with

2  that.  I think in the end that becomes a legal issue that

3  the Court and the parties Mr. Canez and the government

4  can work on come sentencing, but it doesn't have anything

5  to do with whether he is convicted, whether it is a

6  lesser included, a lesser included penalty.  There is

7  nothing else from the government.

8    There is the issue, though, of detention for the

9  Defendants.  The government does believe that the three

10  Defendant should be detained.  They have now been

11  convicted of an offense that requires them to be detained

12  unless there are circumstances.  We understand the Court

13  is in trial.  If the Court would prefer to have that

14  hearing heard by a magistrate next week, we have no

15  objection, but they should be detained in the meantime.

16    THE COURT: All right, let me hear from the

17  defense.  Mr. Garcia?

18    MR. GARCIA: Thank you, Your Honor.  Your Honor,

19  first of all, we will renew our Rule 29 motion.  We will

20  submit a written filing within the prescribed time limit.

21    Second of all, we would ask the Court to extend

22  the time or the response period for a motion for new

23  trial by a period of 30 days.  Finally, with regard to

24  detention, we do not believe that detention is warranted

25  in this case.  I understand that there is a presumption

1  given the ten to life charge that Mr. Hinojosa was found

2  guilty on.  However, we do believe that there are

3  exceptional circumstances that would warrant his

4  remaining out on conditions of release pending

5  sentencing.

6     Mr. Hinojosa has been on conditions of release for

7  what seems like multiple, multiple years.

8        THE COURT:  Let me say this about that.  Insofar

9  as being on release, the stakes have changed, and we are

10 operating on a situation whether or not a defendant

11 should be released pending sentence, and I think the

12 operative thing hear that we have to keep in mind is that

13 we have to go back to subsection (f)(1) of 3142 and

14 (f)(1)(B) provides that the person should be taken into

15 custody for offense for which the maximum sentence is

16 life imprisonment or death, and Count 25, the minimum

17 sentence range is 10 years to life.

18     Now, if there is going to be an exception, it is

19 set out in the statute, and I think I can safely conclude

20 that one of those conditions is not met based on the

21 motion made.  The exception would be if a judicial

22 officer finds there is a substantial likelihood that a

23 motion for acquittal or new trial will be granted or an

24 attorney for the government has recommended that no

25 sentence of imprisonment will be imposed on the person.

1    I think I am reading Mr. Meitl correctly.  I don't
2  think he is going to make that recommendation.

3        MR. GARCIA: I would agree with that, Your Honor.

4        THE COURT: Mr. Meitl just nodded his head
5  affirmatively.  The other thing would be that either I or
6  the magistrate judge would have to find no substantial
7  likelihood that motion for acquittal or new trial will be
8  granted, and the Court has to find by clear and
9  convincing evidence that the person is not likely to flee
10  or pose a danger to any other person on the community.
11  So it seems to me that would require evidence.  I cannot
12  go strictly on argument.

13        MR. GARCIA: Your Honor, I would agree with that.
14  I guess in the interest of the Court's time if the Court
15  would be inclined to recess this issue to set it before a
16  magistrate or set it for another time, we are fine with
17  that.  I did not know if the Court wanted to hear a full
18  position as to why we are arguing against detention.

19        THE COURT: To make a decision, I am going to
20  have to hear evidence not argument is what I am saying.
21  If there is going to be evidence, that is going to
22  require a hearing.  It is going to require more than five
23  minutes, and as I stated before, the stakes have changed.
24  In other words, it is one thing when a person is on bond
25  or free during the course of trial.  Once there has been

1  a conviction, a finding of guilt on some counts, the

2  stakes change.

3          MR. GARCIA: I agree with that.

4          THE COURT: The real question is what happens in

5  the meantime?

6          MR. GARCIA: Your Honor, I believe that

7  Mr. Hinojosa does not pose a threat to flee.  I

8  understand that in order for a full decision to be made

9  that a hearing with evidence presented needs to occur.

10  However, between the period of now and that hearing

11  actually occurring, he does not pose a threat to flee.

12  He has very substantial ties to this area, family, a

13  young child, a wife, a home, he has multiple businesses

14  where he employs I believe above four hundred employees.

15  There are significant ties.  He would be in the process

16  of winding up until we could have that hearing.

17          THE COURT: Let me say this.  I think that in the

18  23 years I have been here, I have had several defendants

19  who have fled and all of them fled after they have been

20  found guilty and awaiting sentencing.  Or there were a

21  couple of cases whereby I let somebody out after the

22  person had been sentenced and gave that person so many

23  days to report, and I had one or two individuals not show

24  up then.  They were eventually caught, and it didn't fare

25  well for them because they were charged with another

1  crime in addition to the crime they had been convicted

2  of.

3       So my point is I really cannot think where a

4  person did not show up for his trial.  Well, there was a

5  situation where a person did not show up.  You but as

6  stated before the persons who have not shown up and fled,

7  the vast majority have been between the finding of guilty

8  and sentencing, so I would have to have evidence on this.

9       I strictly cannot go by argument.  I would say that

10 for all defendants.  I am going to have to be presented

11 with evidence.  For example, as the parties well know,

12 the Court did not detain Mr. Rodriguez, although the

13 government wanted him detained prior to trial.  We are

14 looking at a different set of circumstances.  I ruled

15 that I thought the magistrate judge had erred.  The Court

16 does not make a decision because one party or another

17 moves for that particular decision.

18       The reason why we take that seriously is because I

19 realize that is a serious issue as to whether or not the

20 person should be detained.  But my position is that I

21 would have to hear more evidence, not argument before the

22 Court could allow the three who are not confined to

23 remain.

24       Mr. Gibson you were going to say about.

25            MR. GIBSON: Judge, is it going to everybody's

1  argument?

2      THE INTERPRETER: The interpreter respectfully

3  request the attorneys use the microphones when making

4  argument.

5      MR. GIBSON: I understand the Court's position

6  and the position of the government and requesting

7  detention.  What I raise is I recommend as you suggest,

8  Your Honor, that the Court recess this hearing, they go

9  into custody, and let us schedule a hearing where we can

10 discuss what evidence is viable in a timely manner to see

11 that the Court may there are combinations of conditions

12 of release even though subsequent to conviction that the

13 Court can impose.

14     So on behalf of my client, I am not asking the

15 Court to rule and decide.  I am asking the Court to

16 recess this hearing, take them into custody and schedule

17 the hearing where the Court can have evidence and fact

18 and whatever can be presented for consideration.

19     THE COURT:  All right, thank you, Mr. Gibson.

20 Mr. Mendez is in custody.  I don't know what your

21 position, is Mr. Canez.

22     MR. CANEZ: Your Honor, on this issue, like you

23 stated, he is already in custody, and I would assume and

24 I would advise him that that will continue.

25     THE COURT: All right, thank you, sir.

1      Mr. Knox?

2          MR. KNOX: Yes, Judge, on behalf of Mr. Casas and

3   with all due respect to Mr. Gibson, we would request that

4   Mr. Casas be allowed to remain out on bond until the

5   hearing can be set if the Court would recess this and let

6   him remain on bond until that hearing until a decision

7   can be reached.

8          Just by way of proffer, I certainly anticipate that

9   there is going to be extended, expansive evidence that

10  establishes Mr. Casas' ties to the community, and he is

11  not a flight risk in any shape or form.  I understand the

12  Court says the stakes have changed.  I certainly respect

13  the Court taking into consideration the other times that

14  other defendants have run, but with all due respect, I

15  don't believe that that is exactly relevant to Mr. Casas

16  as a person.

17     I submit to the Court that I have every reason to

18  trust and believe he will show up as he has been

19  instructed to do at any hearing that the Court will set

20  in the future, and we certainly ask that he stay out on

21  bond until that hearing can be set.  Thank you, Judge.

22          THE COURT: All right, thank you, Mr. Knox.

23          The point that the Court was making his that the

24  time that the person has fled, the vast, vast majority of

25  the time has been between the finding of guilt and why

1    that person is awaiting sentencing.  That is the Court's

2    point.

3         Mr. Meitl, did have you something else?

4         MR. MEITL: I am going to say in my experience,

5    Ms. Dana and Ms. Smith's experience, we have done

6    magistrate court proceedings and any other AUSA, we

7    cannot recall a single instance when an individual was

8    arrested or found guilty, a detention hearing was set for

9    some days later and they were released.  I can't think of

10   a single time.  There should be no excuse here for these

11   Defendants.  They should not be treated differently than

12   all other Defendants, thousands of Defendants we handled

13   or Mr. Mendez or anyone else when a detention hearing is

14   set, the standard in this courthouse is you are held in

15   custody until such time, and I think that is appropriate

16   here.  That includes when we have the burden.  We don't

17   have the burden.  There is a presumption they should be

18   detained in this case.  They should be detained pending

19   that time.

20        THE COURT:  I agree with you.  Not only is the

21   burden on the defense, but also the heightened standard.

22   It is not preponderance of the evidence.  It is by clear

23   and convincing evidence which is one step below proof

24   beyond a reasonable doubt.

25        MR. GARCIA: Your Honor, if I may just briefly.

1  I didn't get a chance to respectfully respond to

2  Mr. Gibson's statement.  I would join with Mr. Knox and

3  say and ask the Court to keep Mr. Hinojosa out until we

4  have that hearing.  Similar to the proffer that Mr. Knox

5  made, I believe there will be ample evidence, and I

6  believe we will be able to meet the burden of clear and

7  convincing evidence.  I do.  And I guess with respect to

8  Mr. Meitl's statement just now, although somewhat

9  different, there is a situation where a client who has

10 been on conditions of bond, pleads guilty, is found

11 guilty of the offense by way of a plea agreement, and is

12 -- is kept out on conditions of release until this

13 hearing is had.  That has happened in a case that we have

14 had before this court.  It was held before a magistrate

15 judge, but this Court accepted a plea agreement where the

16 presumption rose, and that Defendant was kept out on

17 conditions of bond until we could have that hearing.

18      THE COURT:  Which defendant are you talking

19 about?

20      MR. GARCIA: His name was James Moria.  It's a

21 different case, not a drug case, but similar to

22 Mr. Hinojosa he was elderly, and he was ultimately kept

23 out on conditions of release pending sentencing.  There

24 was no issues with him not showing up.  Similar to

25 Mr. Hinojosa, there has never been an issue of him not

1  showing up when he is required to.  Your Honor, I just
2  want to make sure that my position with regard to him
3  being taken into custody pending the sentencing or the
4  hearing is at least on the record.
5          MR. GIBSON: Judge, may I?
6          THE COURT: Let me make sure that Mr. Garcia is
7  finished.
8          MR. GARCIA: Yes, Your Honor.
9          THE COURT: Thank you, sir.
10         MR. GIBSON: My fault for getting out of order in
11  a way.  It is my fault.  I wouldn't want to stand in
12  front of fellow lawyers and their clients, so I'm making
13  the same request.  I want the record to show on behalf of
14  Mr. Rodriguez we are making the same request.  We think
15  there is ample evidence in this case, and Mr. Rodriguez
16  is not a risk of flight between conviction and sentencing
17  or anything like that.  My suggestion about having the
18  hearing was one to try to be sure that we didn't waive a
19  right for the hearing, and I think the Court can find as
20  indicated strong ties, strong support, strong family
21  support, et cetera, all things the Court can consider in
22  determining whether he should be released on conditions
23  of release.  So I want the record to be clear on that
24  point.  My earlier suggestion is procedural, not to have
25  the Court close this hearing, but to recess it so that we

1 can continue to produce evidence for the Court.

2          THE COURT: If I understand you correctly,

3 correct me if I am wrong, earlier, you said that you

4 thought your client should be taken into custody.

5          MR. GIBSON: I want to correct that. I am asking

6 the Court not to take him into custody without question.

7 I am also asking the Court procedurally to recess the

8 hearing and not make a finding here today and have the

9 hearing at the time the Court can set it to develop the

10 evidence that we think we can produce on behalf of our

11 client.

12          THE COURT: I have tried to look down through the

13 muddy water and spot the fish. Here is the bottom line.

14 What I am hearing is all of the Defendants say and I

15 think the record will accurately reflect this is that

16 they quote, unquote, believe there is ample evidence that

17 they should not be taken into custody. I have not heard

18 that evidence. I am not sure how ultimately that plays

19 out, but as we sit here now, the Court has not heard that

20 evidence. The Court has not heard that, quote, unquote,

21 clear and convincing evidence.

22      Based on that I think it would be inappropriate for

23 the Court to not take the three Defendants into custody.

24 Mr. Mendez is already in custody, and the Court believes

25 he should remain in custody, and that is, frankly

1   speaking, because of the offense of conviction, and I am

2   talking about Count 25, the range is 10 years to life.

3   Also he was convicted on some other counts, two other

4   counts.  Based on the statement of the record, the Court

5   agrees with the government that Mr. Hinojosa, Mr. Casas,

6   and Mr. Rodriguez should be taken into custody, and the

7   Court instructs the marshals to take these three

8   individuals into custody.

9        The Court will recess this matter and either the

10  Court will hear this matter itself or refer it to a

11  magistrate judge for a hearing.  I will direct the

12  magistrate judge if it is referred to him or her, then

13  the request would be that the magistrate judge rule on

14  this matter expeditiously.  That is the ruling of the

15  Court.

16           MR. MEITL: One last thing, Your Honor.

17           THE COURT: All right.

18           THE COURT: Go ahead.

19           MR. MEITL: Your Honor, I understand and I want

20  to make it clear for all the parties that the Northern

21  District's practice is lawyers do not speak to jurors

22  after a verdict.  I want to make sure that is the Court's

23  instruction here, particularly, with what we have seen

24  that includes the lawyers, defendants, or anyone working

25  on behalf of the defendants or the lawyers.

1    THE COURT: Well, my position is neither side,

2  the attorneys for neither side or anybody working with

3  them or on behalf of them can speak to the jurors without

4  a motion filed by that party, and based on any such

5  motion, the Court would rule on this motion.

6    I will be frank about this matter.  Given what has

7  been said here, I think questions can be asked of jurors

8  that are misleading and attorneys can get answers that he

9  or she wants, and the motion is filed and the Court hears

10  it.  It is not like what is conveyed in the motion.  Just

11  so it is clear, no attorney or anybody acting on behalf

12  of an attorney or has any association with such attorney

13  or attorney for any of the parties in this case may not

14  contact any jurors or attempt to contact any of the

15  jurors without filing a motion and obtain a ruling from

16  the Court.

17    All right, as previously stated, Defendants

18  Hinojosa Casas, and Rodriguez will be taken into custody

19  by the marshals, and the Court will either personally

20  hear this or refer the matter to the magistrate judge for

21  determination.

22    Is there anything further on this case?  One other

23  thing, I will go ahead and provide sentencing dates.

24    With respect to Mr. Mendez, the Presentence Report

25  is due February 4, 2022; sentencing hearing is Thursday,

1   April 21, 2022 at 9:30 p.m.

2       With respect to Mr. Hinojosa, the Presentence

3   Report is due February 4, 2022; the sentencing hearing is

4   due -- sentencing hearing will take place on April 21,

5   2022, 1:30 p.m.

6       With respect to Mr. Casas, the Presentence Report

7   is due February 11, 2022; sentencing hearing is April 22,

8   2022 at 9:30 a.m.

9       With respect to Mr. Martin Salvador Rodriguez, the

10  Presentence Report is due February 11, 2022, and the

11  sentencing hearing is April 22, 2022, at 1:30 p.m.

12      The Court will issue a written order setting forth

13  the information that it just set or just read into the

14  record, and also the order will contain the deadlines for

15  objections and other matters as necessary with respect to

16  each sentencing.

17      All right, is there anything further?

18          MR. CANEZ:  One more thing, Your Honor.

19          THE COURT: Yes, sir.

20          MR. CANEZ: This is a rare occasion for me

21  because we don't know -- we have three convictions, but

22  we don't know the amount.  The prosecutor commented that

23  there may be something that we could work out and present

24  to the Court.  What I would like to do is during the time

25  that we are recessing is talk with the prosecutor, see

1  what he is talking about and do my own research and

2  present that to the Court.

3          THE COURT: That's fine.

4          MR. CANEZ: Thank you.

5          THE COURT: Mr. Knox?

6          MR. KNOX: Thank you, Judge.  I know Mr. Garcia

7  touched on the preserving the Rule 29, and to the extent

8  it is necessary for the Court and the record, I would

9  like to join that as well.  If this information is out

10  there, and I overlooked it, I apologize.

11      Is there a specific time that the Court would

12  require those if we are going to file written motions for

13  Rule 29?

14          THE COURT: I thought Rule 29 addressed that.

15          MR. KNOX: It may, Judge.  I will withdraw my

16  question.  Thank you.

17          THE COURT: You younger lawyers, y'all are not

18  carrying the books around like us more seasoned lawyers.

19  Y'all are so tech savvy.  I am still old school.  If my

20  memory is correct, a motion for new trial or judgment of

21  acquittal must be filed; am I correct?

22          MR. KNOX: Mr. Garcia said it is 14 days.  I

23  didn't know if the Court had any different policy or

24  standing order.

25          MR. GARCIA: Judge, I may look younger than

1  everybody else, but I still carry the book as well.

2          MR. MEDDERS: Show off.

3          MR. GARCIA: It is 14 days, subsection (c) the

4  time is within 14 days of a guilty verdict or after the

5  Court discharges the jury.

6          THE COURT: That is correct 29(c) says 14 days,

7  so the Court discharged the jury today.  All right, is

8  there anything else?

9          MR. MEITL: No, Your Honor.

10         MR. CANEZ: No, Your Honor.

11         MR. GIBSON: No, Your Honor.

12         THE COURT: All right, the Court stated the

13 marshals will take them into custody, Mr. Hinojosa,

14 Mr. Casas and Mr. Rodriguez.

15         Yes, Mr. Garcia?

16         MR. GARCIA: Your Honor, with respect to our

17 request to extend the deadline for motion for new trial

18 by 30 days, I don't believe the Court ruled on that

19 request, so I was going to address that.

20         THE COURT: I didn't hear the last part of your

21 statement.

22         MR. GARCIA: With regard to our request for a

23 extension of 30 days to file the motion for new trial in

24 this case.  I don't believe that the Court had ruled on

25 that request.

1          THE COURT: All right, just one minute, please.

2    What is the government's response to the motion for new

3    trial?

4          MR. MEITL: We certainly oppose the motion for

5    new trial, but the issue of when to file the notice, we

6    have no opposition to that.  They can have as long as

7    they want.

8          THE COURT: All right, what I understand the

9    government's position is the government is opposed to the

10   -- would be opposed to the actual motion.  However, there

11   is no objection for the extension that you are asking for

12   extension of what?  30 days?

13         MR. GARCIA: One second, Your Honor.  I don't

14   believe Rule 29 has a specific time for motions for new

15   trial to be filed.  I believe probably the default is 14

16   days after the verdict, so I guess to make it clear, Your

17   Honor, we would ask for just a 45-day extension from

18   today.  So that would give us 30 days past the 14 days.

19   I think that is probably the easiest way to request the

20   extension.

21         THE COURT: Okay, I am going to do this.  I will

22   grant whether or not it is going to be 30 or 45 days.  I

23   will need to cogitate on that.  I will get an order out

24   on that.  Whatever I put in the order, that will be time.

25         MR. GIBSON: Judge, will that be all of the

1  Defendants, the extension of time or do we join his

2  request?

3          THE COURT: You have.  I have not heard from the

4  other two.

5          MR. KNOX: I would like to join as well.

6          MR. CANEZ: Your Honor, I would too.

7          THE COURT: All right, that will apply to all

8  four Defendants.

9      Anything else?

10          MR. GARCIA: Nothing from us.

11          MR. GIBSON:  No, Your Honor.

12          THE COURT: All right, the Court is in recess.

13 As the Court stated earlier, it will decide on the motion

14 regarding whether the three defendants should be taken

15 into custody or refer the matter to the magistrate judge.

16 In the meantime, they will be taken into custody.

17          THE COURT SECURITY OFFICER:  All rise.

18 *I certify that the foregoing is a correct transcript from*
   *the record of proceedings in the above-entitled matter.*
19 *I further certify that the transcript fees format comply*
   *with those prescribed by the court and the Judicial*
20 *Conference of the United States.*

21          *S/Charyse Crawford          09-01-2022*
   Signature_____ Date:_____
22          Charyse C. Crawford, CSR, RPR
            United States Court Reporter
23          Northern District of Texas - Dallas Division

24

25